IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD PORTERFIELD, | ) | CASE NO. 1:14-CV-2005 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| SYMRISE, INC., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion for Summary Judgment filed by Defendant, Symrise, Inc. (hereafter "Symrise") pursuant to Fed.R.Civ.Pro. 56. (ECF #24). Plaintiff, Richard Porterfield, filed an Opposition to Defendant's Motion for Summary Judgment (ECF #29) and Symrise filed its Reply in Support of the Motion for Summary Judgment. (ECF #30). The issues are fully briefed and ripe for review.

For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

I.   FACTUAL BACKGROUND[1]

Plaintiff was hired by CHR Hansen on February 4, 2002 to work in its facility located in Elyria, Ohio. Plaintiff was 50 years old when he was hired by CHR Hansen, which is a global

---

1. Except as otherwise noted, the factual summary is based solely upon the undisputed facts set forth in the parties' statements of facts, the Plaintiff's Complaint, and the deposition transcripts filed with the Court as part of the summary judgment motion briefing. Those facts which are contested and have some support through the presented evidence will be noted as being in dispute, but, for the purpose of this opinion shall be construed in the light most favorable to the Plaintiff as required under the Summary Judgment standards.

supplier of fragrances, flavorings, cosmetic ingredients and ingredients for foods and beverages. In 2008, Symrise acquired CHR Hansen, and Plaintiff retained his position as "Planning and Inventory Manager." At this time, Symrise had "flavor facilities" located in Elyria, Ohio, Teterboro, New Jersey and Branchburg, New Jersey.  On April 28, 2008, Plaintiff signed an employment Agreement with Symrise. (ECF#24, Ex. C).

In 2010, Plaintiff became the "Supervisor, Scheduling, MRO Procurement and Inventory Control" for the Elyria, Ohio facility. (ECF #29, p.3).  Plaintiff's new position as Supervisor was created after "Symrise reevaluated [Plaintiff's] position and centralized management of the planning function in Teterboro." (*Id*.).  Plaintiff's responsibilities as Supervisor included "interacting with customer service in New Jersey," reporting to the Manager of Flavor Planning in New Jersey, and working with the staff in the Elyria Plant. (*Id*.)

In August of 2013, Symrise placed Plaintiff on a "performance evaluation plan" ("PIP") after "several significant performance deficiencies" occurred.  (*Id*. at p.4).  Plaintiff reviewed and signed the PIP, and returned it to Symrise on Monday, August 26, 2013.  Also on this date, Plaintiff provided Symrise with a note indicating that he has "been trying to manage two different medical conditions" and would "provide documentation" about the conditions.  (*Id*.) In the next few weeks, Plaintiff provided medical documentation indicating he has sleep apnea and Ehlers-Danlos Syndrome ("EDS"), which is a connective tissue disorder.  Plaintiff testified that he provided these medical notes to Symrise after the PIP was implemented. (ECF #24, Ex. A, p. 117-18).

As a result of these letters, Symrise arranged for Plaintiff to have reduced scheduled leave, and then full, continuous leave.  Plaintiff received short-term disability benefits during these leave

periods and was paid a percentage of his income. Plaintiff returned to work on December 22, 2013.

Symrise has provided that in July of 2014, it decided to eliminate the planning supervisor position held by Plaintiff as "part of a larger and ongoing process to bring Elyria into alignment with the rest of the flavor segment." (*Id.* at p.7). On July 14, 2014, Symrise managers met with Plaintiff, explained that his position was being eliminated, and offered Plaintiff a severance package. (*Id.* at p.8). Plaintiff refused the severance package. Symrise did not replace Plaintiff with another employee, and has not hired anyone in a "planning" position in any of its facilities in Ohio or New Jersey. (*Id.*)

II. LAW AND ANALYSIS

A. Standard of Review

Summary judgment is appropriate where the evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in favor of Plaintiff, the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). Courts weigh the evidence not to determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of

its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

      B.      FMLA Retaliation

The FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful [by the FMLA]." 29 U.S.C. §2615(a)(2). In order to establish a prima facie case for FMLA retaliation, Plaintiff must show that: (1) he exercised his FMLA rights; (2) Symrise knew that he was exercising those rights under the FMLA; (3) Symrise took an employment action adverse to him; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *Seeger v. Bell Tel. Co., LLC*, 681 F.3d 274, 283 (6th Cir. 2012).

Plaintiff's Complaint provides that he began his "approved FMLA leave of absence" in October 2013, returned to work December of 2013, and was terminated July 15, 2014. (ECF #1, ¶¶ 14-16.)² Plaintiff argues that there is an inference of retaliation based upon the "temporal proximity" between his leave request and his termination, which was a period of seven months. (ECF #29, p.16). However, recent case law from this Circuit has established that it considers a termination occurring only two to three months after leave was requested, or leave had expired, as evidence of an FMLA violation. *See Judge v. Landscape Forms, Inc.*, 592 Fed.Appx. 403, 409 (6th Cir. 2014)(citations omitted). Therefore, Plaintiff will need to submit additional evidence of retaliatory conduct in order to establish a causal connection and thereby prove his claim of retaliation. *(Id)*.

---

2      Plaintiff never took medical leave or needed accommodations for the EDS, rather, it was strictly for the sleep apnea issue. (ECF #24, Ex. A, p. 122-24).

Plaintiff's attempt to set forth a "plethora" of circumstantial evidence to support his retaliation claim is unpersuasive.  Plaintiff's opinion about his "outstanding" job performance, or the allegation that no documentation discussing the elimination of his job position exists do not raise an inference of FMLA retaliation.  Plaintiff's feelings or opinions as to why he was terminated are not enough - Plaintiff must offer evidence that an adverse action was taken in retaliation for specific protected conduct. *See Gaskins v. Rock-Tenn Corp*., 982 F.Supp.2d 760, 778 (S.D. Ohio 2013).  Plaintiff presents no evidence to prove "the only issue in dispute," which is whether there is "a connection between Plaintiff's leave and his termination." (ECF #29, p. 16).  Plaintiff has not proven a causal connection between his protected activity of taking FMLA leave and his termination.[3]  Therefore, Symrise is entitled to summary judgment on this claim.

C.     Age Discrimination - O.R.C. §4112

Plaintiff alleges that Symrise discriminated against him on the basis of his age when it terminated his employment, in violation of O.R.C. §4112.02 and §4112.99.  (ECF #1, ¶25).  Defendant argues that Plaintiff signed an employment agreement whereby he agreed to arbitrate any and all legal claims, and Plaintiff failed to do so.[4]  The employment agreement states in part:

> I agree to submit all my employment-related legal disputes with Employer ... to final and binding arbitration by a neutral third party arbitrator.  I will use employer's internal and external employment dispute resolution processes to resolve legal claims.

---

[3]    Even if Plaintiff had met this burden of proof, this Court finds that Symrise had a "legitimate, non-discriminatory reason" for terminating Plaintiff as part of its reduction-in-force business plan, and that this reason is not merely a pretext. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Cutcher v. Kmart Corp*., 364 Fed. Appx. 183 (6th Cir. 2010).

[4]    Plaintiff has set forth no suggestion, let alone evidence, that he attempted to arbitrate this claim.  In fact, this issue was not addressed by Plaintiff in his Opposition Brief and therefore could be considered waived. *See Clark v. City of Dublin,* 178 Fed. App'x 522, 524-525 (6th Cir. 2006).

Plaintiff clearly had access to arbitrate this age discrimination claim under the terms of his employment agreement. Ohio Revised Code §4112.14(C) provides that Plaintiff's age discrimination cause of action "shall not be available in the case of discharges where the employer has available to the employee the opportunity to arbitrate the discharge..."  Courts have routinely held that state law discrimination claims are barred under O.R.C. §4112.14(C) where plaintiff had the opportunity to arbitrate his claims. *See, e.g., Smith v. Perkins Bd. of Educ.,* 708 F.3d 821 (6th Cir. 2013); *Theodore v. Bridgestone Americas, LLC*, No. 5:15-CV-00698, 2015 WL 4664212, at *6 (N.D. 2015).

For reasons unknown to this Court, Plaintiff did not pursue his age discrimination claim as mandated by the employment agreement signed in 2008, and therefore, that claim is now barred. Summary Judgment is granted in favor of Defendant on this claim.

D. Disability Discrimination - O.R.C. §4112.02

Plaintiff alleges that Symrise retaliated against Plaintiff because he was disabled, had a record of being disabled, and/or was regarded as disabled, which led to his termination  (See ECF #29, p. 18).

In order to establish a disability discrimination claim under Ohio law, Plaintiff must prove that: (1) he was disabled; (2) Symrise was aware of the disability; and (3) Plaintiff could perform the essential functions of his job with or without an accommodation. *Maxwell v. GTE Wireless Service Corp.*, 121 F.Supp.2d 649 (N.D.Ohio 2000)(citation omitted).   Pursuant to O.R.C. §4112.01(A)(13), disability is defined as "a physical or mental impairment that substantially limits one or more major life activities ... a record of [an impairment], or being regarded as having a physical or mental impairment."  The burden is on the Plaintiff to establish that Symrise

discriminated against him due to an alleged disability when it eliminated his position on July 15, 2014. *Id.*

Plaintiff has not presented sufficient evidence to show that he suffers from a physical impairment that substantially limits a major life activity.[5]  First, Plaintiff testified at deposition that when he returned to work in December 2013, and at all times thereafter, he was able to fully function and fully perform his job responsibilities. (ECF #24, Ex. A, p.145).  Plaintiff also testified that he was not disabled in any way after December 23, 2013, and that he did not need to take any additional medical leaves after December 2013. (*Id.*)  Plaintiff presents no evidence that he returned to work with any limitations, accommodations or restrictions due to the sleep apnea.  Therefore, Plaintiff cannot satisfy the requirements of showing that a major life activity was substantially limited.

Furthermore, Plaintiff has not proven a record of impairment or that he was regarded as disabled to establish a true disability under R.C. §4112.02.  Merely referencing Physician's letters and reports provided to Symrise indicating Plaintiff's history of sleep apnea and EDS is insufficient.  Symrise provided Plaintiff with short-term leave to address these medical issues, and he returned to full-time working status without limitations.  Nothing in the record indicates that Symrise was told by Plaintiff or his medical providers that his conditions were permanent, or that Plaintiff required long-term, ongoing accommodations after the short-term leave period.  Therefore, absent such evidence, Plaintiff has not shown a record of disability under Ohio law. *See Blosser v. AK Steel Corp.*, 520 Fed.Appx. 359, 366-67 (6th Cir. 2013).  Nor has Plaintiff

---

4.  Plaintiff never took medical leave or needed accommodations for the EDS, rather, it was strictly for the sleep apnea issue. (Ps depo pp122-124).

proven that Symrise regarded him as disabled, as the record shows the Plaintiff returned to work and was reinstated without limitation. *Id*.

As there is no genuine issue of material fact regarding Plaintiff's disability discrimination claim, summary judgment is granted in Symrise's favor on this claim.

III. CONCLUSION

For the foregoing reasons, Defendant Symrise's Motion for Summary Judgment (ECF #24) is GRANTED.

IT IS SO ORDERED.


/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED: March 3, 2016